**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**ROYEL PAGE,**

**Petitioner,**

**v.** **Case No. 26-CV-1356**

**CHRIS BUESGEN,**

**Respondent.**

## ORDER ON THE PETITION FOR A WRIT OF HABEAS CORPUS

Royel Page, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus.

Rule 4 of the Rules Governing Section 2254 Cases states:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Page acknowledges that he has not exhausted his remedies in state court. At the time he filed his petition, his direct appeal was pending. *See* App. No. 2024AP001994. He argues that the court should excuse his failure to exhaust "do [sic] inordinate and unjustable [sic] delays." (ECF No. 1 at 7.)

It appears that since Page filed his petition, the court of appeals has denied his appeal. A petition for review in the Wisconsin Supreme Court remains pending.

Because the court of appeals has resolved Page's appeal, at this point, excusing Page's failure to exhaust his state court remedies means acting before the Wisconsin Supreme Court has had a chance to consider his claims.

In extraordinary circumstances, a federal court may excuse a petitioner's failure to exhaust his state court remedies when that failure to exhaust is the result of the state court's inordinate delay in considering his claims. *See Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995); 28 U.S.C. § 2254(b)(1)(B).

According to the public docket of the court of appeals, the circuit court entered judgment on March 31, 2023. Page filed a notice of appeal on October 2, 2024. Counsel filed a no merit report on October 24, 2024. Briefing closed on December 2, 2024. The court of appeals issued its decision on August 18, 2026.

The time it takes for Wisconsin court to resolve cases has been creeping steadily upward. *See* Caleb Raymond Gerbitz, "Wisconsin Court of Appeals: 505 Days to Decision," Wis. Law. (May 8, 2026), available at https://www.wisbar.org/NewsPublications/WisconsinLawyer/pages/Article.aspx?Volume=99&Issue=5&ArticleID=31587. The duration that Page experienced, while above average, was not inordinate so as to amount to an absence of state corrective process or to render the state corrective process ineffective. *See* 28 U.S.C. § 2254(b)(1)(B). In 2025, the District I Court of Appeals took, on average, 356 days following the filing of the notice of appeal to issue a summary decision in cases where counsel filed a no merit report. *See* Court of Appeals Annual Report – 2025 (Mar. 27, 2026) available at https://www.wicourts.gov/ca/DisplayDocument.pdf?content=pdf&seqNo=1098408.

The 685 days it took in Page's case is nearly double the average for a summary disposition following a no merit report, but the duration is close to the average of 660 days it takes for the court of appeals to issue per curiam opinions. *Id.* That the Wisconsin Court of Appeals apparently chose to prioritize other pending matters is not surprising considering that Page is separately serving a federal sentence. See *Page v. United States*, No. 25-cv-1013-MYS, 2026 LX 446632 (E.D. Wis. Aug. 5, 2026).

In any event, because the state courts are now moving ahead, the interests of comity require that the federal court allow that process to conclude before considering the merits of the petition. *See Monegain v. Carlton*, 576 F. App'x 598, 602 (7th Cir. 2014). Because the court cannot excuse Page's undisputed failure to exhaust his remedies in state court, his petition cannot proceed.

When a petitioner files a petition before exhausting his state court remedies, under certain circumstances it may be appropriate for the court to stay the federal proceedings and hold the petition in abeyance while the petitioner exhausts his state court remedies. *See Rhines v. Weber*, 544 U.S. 269, 271 (2005). Courts employ this stay and abeyance procedure when it is necessary to avoid being barred by the one-year statute of limitations from ever seeking habeas relief. *Buckley v. Stoudt*, No. 26-CV-1429, 2026 U.S. Dist. LEXIS 227643, at *2 (E.D. Wis. Oct. 5, 2026). No such concern exists here because, based on the record before the court, Page's conviction is not yet final and therefore the one-year clock has not yet started to run. *See* 28 U.S.C. § 2244(d)(1). Accordingly, the court will dismiss his petition without prejudice.

Finally, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether to grant Page a certificate of appealability. Because the court is dismissing the petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and it is "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Page acknowledges that he did not exhaust his state court remedies and fails to offer any explanation that would plausibly excuse his failure, the court therefore denies a certificate of appealability.'

**IT IS THEREFORE ORDERED t**hat the petitioner for a writ of habeas corpus and this action are dismissed without prejudice. The court declines to issue a certificate of appealability. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 21st day of October, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge